UNITED STATES OF AMERICA
EASTERN DISTRICT COURT - STATE OF MICHIGAN
SOUTHERN DIVISION

GREGORY NASH,

    Plaintiff,

vs.

CASE NO: 03-74022

HON. NANCY G. EDMUNDS

D-1 UNITED STATES OF AMERICA
D-2 THE STATE OF MICHIGAN
D-3 THE COUNTY OF OAKLAND IN THE STATE OF MICHIGAN
D-4 THE COUNTY OF LAPEER IN THE STATE OF MICHIGAN
D-5 GENERAL MOTORS CORPORATION & ITS TRUCK AND BUS DIVISION
D-6 INTERNATIONAL UNION (UAW)
D-7 UAW LOCAL 594
D-8 AMERICAN CIVIL LIBERTIES UNION (ACLU),
Jointly and Severally,

    Defendants.

_____/

GREGORY G. NASH
Plaintiff, Pro Per
P.O. Box 23, 4682 Thomas Road
Metamora, Michigan 48455
(810)334-3187

CUMMINGS, McCLOREY, DAVIS, & ACHO, P.L.C.
By: KARIE HOLDER BOYLAN (P-55468)
Attorneys for Defendants Lapeer County;
Judges Higgins, Scott, Holowka and Banard, and
Prosecuting Attorneys Konschuh, Turkelson and Funke
33900 Schoolcraft Road
Livonia, MI 48150
(734)261-2400

_____/

## DEFENDANTS LAPEER COUNTY;

## LAPEER COUNTY JUDGES HIGGINS, SCOTT, HOLOWKA AND BANARD; AND

## PROSECUTING ATTORNEYS KONSCHUH, TURKELSON AND FUNKE'S

## ANSWER TO PLAINTIFF'S COMPLAINT

/home/khb/26816/answer

NOW COME Defendants Lapeer County; Judges Higgins, Scott, Holowka and Banard, and Prosecuting Attorneys Konschuh, Turkelson and Funke ("the Lapeer County Defendants") to respond to the allegations in Plaintiffs' First Amended Complaint for Damages as follows:

### FIRST DEFENSE

The Lapeer County Defendants are shielded from liability based on state and federal, common law and statutory, absolute and qualified immunity.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff failed to join all persons needed for adjudication pursuant to Fed. R. Civ. P. 19.

### FOURTH DEFENSE

Any injury suffered by the Plaintiff was proximately caused by his own negligence and other wrongdoing, including serious wrongdoing that gives rise to the wrongful-conduct defense as well as the comparative-negligence defense. Furthermore, the jury should be instructed to apportion a percentage of fault to Plaintiff which caused or contributed, in whole or in part, to the alleged damages. Finally, Plaintiffs' claim for damages may be barred in its entirety or reduced based on the percentage of fault attributable to Plaintiffs.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by the statue of limitations based on the applicable tolling provisions of Michigan law and relevant dates of filing and service of process in this case.

### SIXTH DEFENSE

The alleged conduct of Lapeer County and its officers, employees, members and volunteers was in every respect lawful and proper.

### SEVENTH DEFENSE

Plaintiff's Complaint fails to establish facts to meet prerequisites of Fed. R. Civ. P. 23.

### EIGHTH DEFENSE

Plaintiff's Complaint fails to adequately identify an unconstitutional policy, on its face or in its application, of Lapeer County that was the moving force behind the deprivation of any right or privileged protected under either federal or state law.

### NINTH DEFENSE

Plaintiff's Complaint is devoid of factual allegation and merely states conclusory allegations against this, and other, governmental entities and representatives. Accordingly, Defendant Lapeer County is unable to formulate an adequate response to the allegations as stated in Plaintiff's Complaint.

### TENTH DEFENSE

Plaintiff's claims are barred by the Colorado River Doctrine and/or the Rooker-Feldman Abstention Doctrines for the reason that his allegations appear to be related to matters adjudicated in Michigan Courts wherein important issues of state law were involved.

### ELEVENTH DEFENSE

Defendant Lapeer County denies as untrue the conclusory allegations as stated in paragraphs one (1) through fifteen (15), inclusive, of Plaintiff's Complaint.

### DEMAND FOR REPLY

The Lapeer County Defendants formally demand a reply to each defense set forth herein within twenty-one (21) days after service of this pleading.

WHEREFORE, Defendant Lapeer County requests that this case be dismissed with prejudice and that it be awarded all costs, including attorney fees for having to defend in this action.

/home/klh/20816/answer

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS, & ACHO, P.L.C.

BY: KARIE HOLDER BOYLAN (P-55468)
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, Michigan 48150
(734) 261-2400

Dated: October 27, 2003

UNITED STATES OF AMERICA
EASTERN DISTRICT COURT - STATE OF MICHIGAN
SOUTHERN DIVISION

GREGORY NASH,

    Plaintiff,

CASE NO: 03-74022

vs.

HON. NANCY G. EDMUNDS

D-1 UNITED STATES OF AMERICA
D-2 THE STATE OF MICHIGAN
D-3 THE COUNTY OF OAKLAND IN THE STATE OF MICHIGAN
D-4 THE COUNTY OF LAPEER IN THE STATE OF MICHIGAN
D-5 GENERAL MOTORS CORPORATION & ITS TRUCK AND BUS DIVISION
D-6 INTERNATIONAL UNION (UAW)
D-7 UAW LOCAL 594
D-8 AMERICAN CIVIL LIBERTIES UNION (ACLU),
Jointly and Severally,

    Defendants.
_____/

**GREGORY G. NASH**
Plaintiff, Pro Per
P.O. Box 23, 4682 Thomas Road
Metamora, Michigan 48455
(810)334-3187

**CUMMINGS, McCLOREY, DAVIS, & ACHO, P.L.C.**
By: KARIE HOLDER BOYLAN (P-55468)
Attorneys for Defendants Lapeer County;
Judges Higgins, Scott, Holowka and Banard, and
Prosecuting Attorneys Konschuh, Turkelson and Funke
33900 Schoolcraft Road
Livonia, MI 48150
(734)261-2400
_____/

## PROOF OF SERVICE

DIANE M. GREINER, being first duly sworn, deposes and says that on the 28th day of October, 2003, she served a copy of Defendants Lapeer County; Lapeer County Judges

/home/dmg/Nash 26816/proof

Higgins, Scott, Holowka and Barnard; and Prosecuting Attorneys Konschuh, Turkelson and Funke's Answer to Plaintiff's Complaint and this Proof of Service, upon:

Gregory G. Nash
P.O. Box 23
4682 Thomas Road
Metamora, Michigan 48455

by placing said copies in envelopes, correctly and plainly addressed as shown above, and depositing said envelopes in the United States mails, with postage thereon fully prepaid.

/s/ Diane M. Greiner
DIANE M. GREINER