UNITED STATES OF AMERICA
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory G. Nash

       Plaintiff,                         Case 03-40343

v.                                              Hon. Paul V. Gadola
                                                Hon. Steven D. Pepe

United States of America, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT LAPEER COUNTY'S MOTION FOR ATTORNEY FEES (#83)**

     Plaintiff, Gregory G. Nash, filed this action on October 3, 2003, naming Lapeer County among the defendants. On July 20, 2004, the undersigned recommended that the Court dismiss the claims against Lapeer County. That recommendation was accepted on November 13, 2004. Plaintiff subsequently appealed to the Sixth Circuit. Lapeer County filed a motion for attorney fees. On December 20, 2004, the undersigned entered an order to show cause, allowing Plaintiff an opportunity to state why he should not be ordered to pay attorney fees. For the reasons noted below, it is recommended that Lapeer County's motion be GRANTED and Plaintiff ordered to pay $2,749.50 in attorney fees to Lapeer County.

I.    BACKGROUND

     Plaintiff's claims originated with a dispute with General Motors regarding his termination. His complaint alleges that the many defendants "were involved in the snowballing effects, pitfalls, roadblocks, and red tape setup by the Defendants," there is no mention of when

and what exactly they did to Plaintiff.  Plaintiff alleges that "State and Federal Government . . . refuse to take corrective actions . . . giving the appearance that the State and Federal Government is bought and paid for."  It is not clear from the complaint what corrective actions the State and Federal Government failed to take and how Plaintiff was injured as a result.

In his complaint, Plaintiff requests that the Court grant, among other things, "an open Visa to work anywhere in the world that he may find employment is his specialized Occupation as Journeyman Wood Model Maker/Pattern Maker/Clay Sculptor."  Plaintiff demands that "a panel of Attorneys, paralegals, State or Federal Attorneys, Law Professors, or responsible Attorney Firms or Legal Organizations such as the American Civil Liberty Union be Mandated or provided to the Plaintiff at no cost to the Plaintiff to press his Complaint to its final disposition."  Plaintiff further demands that "any and all Attorney fees be Tax deductible on past, present, and future issues."  Also, Plaintiff requests that "the current system of providing Soft Money, Political Contributions, Reelection of Campaign Funds, etc., provided to State, Federal Officials and/or Individuals, and Judges seeking re-election be changed to eliminate the clear and present conflict of interests."  Plaintiff then suggests an alternative system for allocation of political contributions.

In response to several of the defendants' motions, Plaintiff provided a more detailed statement of his allegations, including accusation that Lapeer County Sheriffs Department engaged in "entrapment, abuse of power, unlawful arrests, failure to read me my rights failure to follow police procedures, unlawful discharge of a firearm, attempted murder" as well as many other wrongs.  Most of the Statement focuses on alleged wrongdoing by judges and prosecutors.  He also alleges that the Sheriffs Department failed to provide him with medical care while in

jail. Plaintiff does not bring suit against the Sheriffs Department or any of its officers. Rather, he makes broad allegations against them in his suit against Lapeer County.

In his response to the order to show cause, he provides more allegations, including: his and his ex-wive's attorneys conspired to deny him a mutually agreed upon divorce settlement; Judge Higgins, Judge Kraus, and his attorney conspired to extort excessive attorney fees from Plaintiff; his attorney's collection agents threatened him; his ex-wife and her attorney conspired to deny due process and obstructed justice when his ex-wife made a "phony 911 call to initiate an unlawful [and he later adds warrantless] arrest," for which he was shot at by police, and rammed off the road. Post divorce motions were not heard for over two years, and child visitation was prohibited because of personal protection orders which were granted without any evidence. The police joined the conspiracy through their conduct and by giving false testimony leading to a false prosecution. Lapeer County prosecutors joined the criminal conspiracy by reinforcing and encouraging false testimony. The judges conspired to allow Plaintiff to be charged with crimes known to be false and maliciously prosecute him, and also blocked his motions dealing with child support and custody, and termination of alimony for over two years. General Motors and/or UAW officials contacted Lapeer County Judges and/or prosecutors and conspired to corrupt the legislature by offering inducements to ensure Plaintiff's successful malicious prosecution, because their liability in his retaliatory discharge suite would be reduced if Plaintiff was incarcerated. Judge Holowka and attorney Steve Manko conspired to block Plaintiff's chosen mode of employment, and conspired to force Plaintiff to accept a plea agreement against his wishes. They conspired to hold Plaintiff in contempt of court in order to force Plaintiff from his out-of-state employment, and remand him to Michigan where he could

not find work. Judges Holowka and Joslyn, and attorney Gary Davis conspired to block Plaintiff's right to a fair trial by denying him the right to withdraw his guilty plea. He was also denied the right to a jury trial and sentenced directly to jail. Judges, including Judge Gadola and the undersigned, along with Mr. Davis, Undersheriff Bob Rapson, and Sargent Corkins conspired to prevent the timely filing of court documents. Lietenant Rapson and Sargent Corkins conspired to deny Plaintiff notary services and assistance in mailing official court documents.

II.   ANALYSIS

A prevailing defendant is entitled to reasonable attorney fees if the action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *Hughes v. Rowe,* 449 U.S. 5 (1980); *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir. 1994). An action is frivolous if "it lacks an arguable basis either in law or in fact," and it is based on either an inarguable legal conclusion or fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Hughes* dealt with a pro se prisoner, and stated "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. . . . even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit."

Unlike in *Hughes*, here Plaintiff's factual and legal deficiencies were much more than "subtle," and his deficient claims were not even "somewhat questionable or unfavorable." Plaintiff's case, as he has presented it, is simply meritless. As Plaintiff explains in his response to the show cause order (which includes new allegations that were not included in his previous

skeletal pleadings), he attempted to sue Lapeer County based on alleged wrongs committed by his ex-wife and her attorney, and his past attorneys. He alleges that there was collusion between automotive and Lapeer County officials, but can only state that one entity "and/or" another contacted a judge "and/or" prosecutor. Without more, this is baseless. Other claims against judges and prosecutors are similarly frivolous.[1]

Plaintiff was given the opportunity in the show cause order to show "the grounds of Plaintiff's complaint – who from Lapeer County did what to Plaintiff, where, and when – in order to assess if his claim was frivolous, unreasonable, or without foundation. . . . Plaintiff should note that if he does not show cause, Defendant will be awarded these fees." Plaintiff's response to the order simply provides more evidence that his claims against Lapeer County were frivolous, unreasonable, and without foundation.

Lapeer County is seeking $2,747.50 for 15.70 hours billed at $175 an hour. This is a reasonable amount of fees for such a case, which involved two complaints (though different only in spacing), examining court documents and police reports, preparing a motion to dismiss, and discussing the case with other defense counsel.

---

[1] Prosecutors are immune from damage suits for their decisions to initiate or not initiate criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). The decision to prosecute or not prosecute, even if malicious, enjoys absolute immunity under this doctrine. *See Byrnes v. Reed*, 500 U.S. 478, 492-93 (1991). Judges are entitled to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967). A claim that the state-court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity. *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). If his allegations consisted of only those allegations relating to the official handling of his case, his lack of knowledge of this immunity would likely constitute a "legal deficiency" making it inappropriate to award Lapeer Counties with fees from this pro se litigant. Yet his allegations go far beyond this, and into grand conspiracy theories for which he makes only broad, baseless legal conclusions and provides no concrete, factual support.

II. RECOMMENDATION

II. RECOMMENDATION

Therefore, it is recommended that Lapeer County's motion for attorney fees be GRANTED, and that Plaintiff remit $2,747.50 in such fees.

If Plaintiff objects to this order, he must file objections with Judge Gadola within ten (10) days of service of this order pursuant to FED. R. CIV. PROC. 72(a) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 26, 2005                    s/Steven D. Pepe
Ann Arbor, Michigan                      UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that on April 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Karie Boylan, Kay Butler, William Pierson, Jeffrey Sodko, William Wertheimer, Jr., and I further certify that I mailed a copy to the following non-ECF participant(s): Gregory Nash, Mark Granzotto, and Erik Grill.

                                                             s/William J. Barkholz
                                                             Courtroom Deputy Clerk