UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY NASH,

              CIVIL CASE NO. 03-40343

       Plaintiff,

v.

              HONORABLE PAUL V. GADOLA

UNITED STATES OF AMERICA, et al.,    U.S. DISTRICT JUDGE

       Defendants.
_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION</u>**

  Plaintiff, Gregory G. Nash initiated this lawsuit on October 3, 2003. Among many public and private individuals and institutions, Plaintiff named Lapeer County as a defendant. On July 20, 2004, United States Magistrate Judge Steven D. Pepe recommended that the Court dismiss the claims against the various parties, including Defendant Lapeer County. The Court accepted that recommendation on September 13, 2004, which resulted in a dismissal of Plaintiff's case. Plaintiff subsequently appealed that decision on October 5, 2005. Defendant Lapeer County filed a motion for attorney's fees and costs on October 15, 2004, which was referred to the Magistrate Judge November 29, 2004. On June 6, 2005, the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution.

  Before the Court is Defendant Lapeer County's motion for attorney's fees and costs, the Report and Recommendation of the Magistrate Judge, filed April 26, 2005, and Plaintiff's objection to the Report and Recommendation, filed May 6, 2005 . The Magistrate Judge recommends that this Court grant Defendant's motion.

  The Court's standard of review for a Magistrate Judge's Report and Recommendation

depends upon whether a party files objections.  If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard.  *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).  As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*.  *Lardie*, 221 F. Supp. 2d at 807.

However, Plaintiff's objection to the Magistrate Judge's finding states, in its entirety:

> Plaintiff Gregory G. Nash objects to the award of attorney fees to Defendant Lapeer County.  Plaintiff Nash states that he provided the true facts to allow a unbiased Judge to understand the nature of illegal actions of Defendant Lapeer County, the Judges, Prosecutors, attorneys, and unlawful actions of the Lapeer County Sheriffs Department. Namely, officers Andy Engster and Deputy Wells, for their actions and the filing of false police reports and testimony creating acts of **perjury**.  What followed was clear and deliberant collusion between the Officers, Prosecutors Office, Judges and defense attorneys to protect the Officers from their unlawful actions, protecting their jobs while wrongly convicting Plaintiff Nash.  I have been denied proper representation, employment to purchase proper representation, and the freedom to access the Courts.
> I will not pat any court-imposed fees.

Pl. Obj. (quoted as written).  Regarding such general objections, the Sixth Circuit has stated:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, the Court will not consider Plaintiff's objections, and the Court need not conduct a review.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objection [docket entry 99] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 98] is **ACCEPTED** and **ADOPTED**, as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Lapeer County's motion for attorney's fees and costs [docket entry 83] is **GRANTED**, and Plaintiff must remit to Defendant Lapeer County the sum of $2,747.50.

**SO ORDERED.**

Dated:   September 26, 2005                         s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  September 26, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Karie H. Boylan; Kay R. Butler; William G. Pierson; Jeffrey D. Sodko; William A. Wertheimer, Jr.         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Mark Granzotto; Erik Alexander Grill; Gregory G. Nash                                                             .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845
